1   Donna L. Wilson (SBN 186894)
    Richard J. Sahatjian (SBN 252442)
2   BUCKLEYSANDLER LLP
    100 Wilshire Boulevard, Suite 1000
3   Santa Monica, CA  90401
    Phone:  (424) 203-1000 / Fax:  (424) 203-1019
4   E-Mail:  dwilson@buckleysandler.com
            rsahatjian@buckleysandler.com
5
    Attorneys for Defendant
6   LERNER NEW YORK, INC., IMPROPERLY
    PLEADED AS NEW YORK & CO. INC.
7

8
                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  MAUREENA GARCIA, on behalf of herself,      Case No.:
    all other persons similarly situated and the
11  general public,                                  **'10 CV 2551 DMS BLM**

12                 Plaintiff,                    **NOTICE OF REMOVAL OF ACTION TO**
                                                 **FEDERAL COURT**
13         vs.

14  NEW YORK & COMPANY INC., a Delaware
    corporation; and DOES 1-100, inclusive,
15
                   Defendants.
16

17

18         TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND

19  THEIR ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE that Defendant Lerner New York, Inc., improperly

21  pleaded as "New York & Company Inc." ("Lerner"), pursuant to 28 U.S.C. § 1441 *et seq.*, hereby

22  removes this action to the United States District Court for the Southern District of California, and

23  in support thereof, respectfully shows the Court as follows:

24                         **STATEMENT OF THE CASE**

25         1.      Plaintiff, in an action filed in San Diego County Superior Court styled

26  *Garcia v. New York & Company Inc.*, *et al.*, Case No. 37-2010-00060893-CU-BT-NC, seeks to

27  certify a putative class consisting of "herself and all persons in the state of California from whom

28

                                    1
                            NOTICE OF REMOVAL
                    *Garcia v. New York & Company Inc.*

1  Defendant requested and recorded personal identification information as part of a credit card

2  transaction . . . within the four years prior to the filing of this Complaint."  Compl. ¶ 19.[1]

3          2.      Plaintiff seeks, on behalf of herself and each purported class member,

4  statutory penalties; general, special, and exemplary/punitive damages; fluid or *cy pres* recovery;

5  injunctive relief; prejudgment interest; and attorneys' fees and costs.  *See* Compl., "Prayer for

6  Relief."

7          3.      This action was filed on October 18, 2010, and the Complaint was served on

8  Lerner by mail outside this state on November 1, 2010.  This action is removable under the Class

9  Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).  Lerner has satisfied

10  all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United

11  States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441,

12  1446 and 1453.

13  **THE REQUIREMENTS FOR REMOVAL**
**UNDER CAFA ARE SATISFIED**

14          4.      **Class Action**.  This lawsuit is a class action as defined by 28 U.S.C. §

15  1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under rule 23 of the

16  Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an

17  action to be brought by 1 or more representative persons as a class action . . . ."  28 U.S.C. §

18  1332(d)(1)(B).  Plaintiff styles her Complaint a "class action" pursuant to California Code of Civil

19  Procedure section 382, and alleges that she brings her lawsuit on behalf of a "Class."  Compl. ¶ 19.

20          5.      **Diversity of Citizenship**.  At the time this lawsuit was filed and as of the

21  date of this notice, Lerner was and is a Delaware corporation with its principal place of business in

22  New York.  At the time of the filing of this action and as of the date of this notice, the named

23  Plaintiff, Maureena Garcia, was a resident and citizen of California.  *See id*. ¶ 11.  Because at least

24  one member of the proposed class is from a state other than Delaware or New York, the diversity

25  requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

26  _____

27  [1]    A copy of the Summons and Complaint are annexed hereto as Exhibits A and B, respectively, along with a copy of all other process, pleadings, and orders served upon Lerner in the state court action.

28

1      6.      **Amount in Controversy**.  The amount in controversy in this matter exceeds

2  the sum or value of $5,000,000, exclusive of interest and costs, satisfying the amount in

3  controversy requirement of 28 U.S.C. §1332(d)(2).  The Complaint seeks relief that includes:

4        (1)      Statutory penalties under the Song-Beverly Credit Card Act to

5  Plaintiff and members of the putative class in the amount of up to $1,000 per violation of the

6  statute;

7        (2)      General and special damages;

8        (3)      Exemplary or punitive damages;

9        (4)      Fluid or *cy pres* recovery "where necessary to prevent Defendant

10  from retaining the benefits of its wrongful conduct";

11        (5)      Injunctive relief; and

12        (6)      Attorneys' fees and costs.

13  *See* Compl., "Prayer for Relief."

14        Section 1747.08 of the Song-Beverly Credit Card Act provides for statutory

15  penalties of up to $1,000 per violation, and Plaintiff expressly seeks up to $1,000 in such civil

16  penalties per violation of each class member.  Compl. ¶¶ 33-41 (citing Cal. Civ. Code

17  §1747.08(e)).  Plaintiff alleges that "[i]t is and was Defendant's routine business practice to

18  intentionally engaged [sic] in the conduct described in this cause of action [allegedly constituting a

19  violation of the statute] with respect to *every* person who, while using a credit card, purchases any

20  items from any of Defendant's retail locations in the State of California."  *Id.* ¶ 40 (emphasis

21  added).  As set forth in the accompanying declaration, Lerner annually processes well over 5,001

22  customer credit card transactions in California.  *See* Decl. of Charles Woodworth ¶ 3 (filed

23  separately).  Therefore, potential statutory penalties alone in this case exceed the $5,000,000

24  amount in controversy requirement of CAFA.  *See* 28 U.S.C. § 1332(d)(2).

25        Plaintiff also seeks general and special damages, exemplary or punitive damages,

26  injunctive relief, and attorneys' fees under common law and section 17200 of California's Business

27  and Professions Code.  *See* Compl., "Prayer for Relief."  Given these requests for additional relief

28

3

1  and Plaintiff's allegations, the amount in controversy well exceeds $5,000,000 in the aggregate,

2  and, consequently, this Court has jurisdiction under CAFA.  Indeed, in other putative class actions

3  brought under section 1747.08 of the Song-Beverly Credit Card Act, the defendant removed the

4  case to federal court and prevailed on a motion to remand.  *See*, *e.g.*, *Saulic v. Symantec Corp.*, No.

5  SA CV 07-610 AHS (PLAx), 2007 WL 5074883 (C.D. Cal. Dec. 26, 2007).

6          7.     **Number of Proposed Class Members**.  Lerner believes in good faith that,

7  as alleged, the putative class exceeds 100 members.  Plaintiff alleges that the purported class would

8  encompass any consumer from whom Lerner requested and recorded personal identification

9  information in connection with a credit card transaction in a California Lerner store within the four

10  years prior to the filing of the Complaint and therefore would be so numerous that joinder of all

11  members would be impracticable.  *See* Compl. ¶¶ 19-20.  Plaintiff alleges that Lerner requests and

12  records customer telephone numbers in connection with credit card transactions as part of a

13  "Telephone Capture Policy."  *Id.* ¶¶ 6, 28, 36.  Plaintiff also alleges that "*on each and every day*

14  during the one-year preceding the filing of [the Complaint] through the present, Defendant utilized,

15  and continues to utilize, a "Telephone Capture Policy" whereby Defendant's cashiers both request

16  and record telephone numbers and credit card numbers from customers using credit cards at the

17  point-of-sal [sic] in Defendant's retail establishment."  *Id.* ¶ 36 (emphasis added).  Plaintiff further

18  alleges that "[i]t is and was Defendant's routine business practice to intentionally engaged [sic] in

19  the conduct described in this cause of action with respect to *every* person who, while using a credit

20  card, purchases any items from any of Defendant's retail locations in the State of California."  *Id.* ¶

21  40 (emphasis added).  Accordingly, the action satisfies the requirements of 28 U.S.C. §1332(d)(5).

22          8.     **Timeliness**.  This removal notice is timely as required by 28 U.S.C.

23  §1446(b).  Lerner was served with the Summons and Complaint outside this state by mail on

24  November 1, 2010.  Pursuant to California Code of Civil Procedure section 415.40, service by this

25  form of mail was deemed complete on November 11, 2010, and Lerner files this notice within

26  thirty days thereafter.

27

28

NOTICE OF REMOVAL
*Garcia v. New York & Company Inc.*

9.    **Exceptions Do Not Apply**.  The exceptions to removal under 28 U.S.C. §§1332(d) and 1446 do not apply.

### THE OTHER PROCEDURAL REQUISITES
### FOR REMOVAL ARE SATISFIED

10.    Lerner has complied with 28 U.S.C. §§1446(a) and (d).  Under 28 U.S.C. §1446(a), a true and correct copy of all the process, pleadings, or orders on file in the state court or served on Lerner in the state court are annexed hereto as Exhibits A and B.  Pursuant to 28 U.S.C. §1446(d), a notice of filing of removal, with a copy of this notice of removal annexed thereto, has been filed with the clerk of the Superior Court of the State of California, County of San Diego, Case No. 37-2010-00060893—CU-BT-NC, and Lerner has served a notice of filing of removal, with a copy of this notice of removal annexed thereto, on Plaintiff's attorneys.

### CONCLUSION

By this notice and attachments, defendant Lerner does not waive any objections it may have as to improper service, jurisdiction, venue, or any other defenses or objections to this action.  Lerner intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.  Lerner prays that this action be removed to this Court, that all further proceedings in the state court suit be stayed, and that Lerner obtain all additional relief to which it is entitled.

Dated:  December 13, 2010                    Respectfully submitted,

                                             BUCKLEYSANDLER LLP

                                    By:  /s/ Richard J. Sahatjian
                                         Richard J. Sahatjian
                                         Attorneys for Defendant
                                         LERNER NEW YORK, INC., IMPROPERLY
                                         PLEADED AS NEW YORK & CO. INC.
                                         E-mail: rsahatjian@buckleysandler.com